# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## COGBILL v. BOYD, TRUSTEE, AND ALS.

### April 26th, 1883.

1. TRUSTEES—*Investments—Liability.*—Trustee, investing trust funds, must see that the security is forthcoming, upon parting with the money. Loss occurring through his negligence must be borne by him.

2. IDEM—*Failure to settle*—A trust continues from 1867 to 1880. The accounts are settled only between 1874 and 1878, and he is allowed to resign ;

HELD :

    He must settle his accounts for the whole period of his trusteeship.

3. IDEM—*Trust corpus—Case at bar.*—Instrument creating trust allows use of principal to support *c. t. q.* and family, upon order of court. Trustee furnished *c. q. t.*, from his own store, goods for that purpose at fair prices. The annual bills exceed annual income; are charged in the settlements and approved by the court ;

HELD:

    1. This was not dealing with trust subject for trustee's private gain.

    2. The court's subsequent approval was tantamount to its prior authorization.

4. IDEM—*Unauthorized investments—Liability.*—Trustee, with trust funds, purchased of H., without recourse, bond of P. for $1,250, secured on land worth not more than that amount. For several years interest was uncollected, until debt reached $1,750, and land depreciated to $500. Then he got permission from court to bid in the land for the debt, and hold it as an investment. Thus $1,200 loss resulted. He put an insolvent tenant on the land; kept him there for years against protest of *c. q. t.;* took from tenant for unpaid rent, worthless bonds ; reduced them to judgment; and charged loss, costs and attorney's fees to trust fund. Trustee also purchased with trust funds, from C., without recourse, $2,500 of a bond on S., secured by unrecorded trust deed; he failed for a month to have the deed recorded, during which time an-

other creditor of S. (a bank whereof both *C. and the trustee were directors*), gained priority over it, and thus $1,000 loss resulted;

HELD:

In these transactions, the trustee did not act with the discretion with which a man of ordinary prudence is accustomed to act in managing his own affairs, and the losses, and also the fees, costs and expenses, must be borne by him.

Appeal from decree of circuit court of Mecklenburg, rendered May, 1880, in a suit in chancery styled *Cogbill and Wife* v. *Walker and als.*

Opinion states and syllabus indicates the facts sufficiently for understanding the case.

*A. S. Lee,* for the appellant.

—— *Green* and *W. W. Henry,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

By a decree of the circuit court of Mecklenburg county, entered on the 5th day of July, 1867, in the suit of B. D. Cogbill and Harriet R. Cogbill, his wife, against James T. Walker and others, the sum of $6,839.66, with interest thereon from December 1, 1866, and judgments to the amount of $737 (only $125 of which was good and available to the trust) passed into the hands of A. S. Boyd, the trustee appointed by the said decree, upon trust to pay over to the female plaintiff, H. R. Cogbill (the appellant here,) to her sole and separate use, for and during her natural life, the annual income and profits of the trust subject, free from the contracts, control and marital rights of her said husband, as if she were a *feme sole;* and, at the death of the said Harriet R. Cogbill, upon the further trust, that he will assign over all the trust fund which may then remain, to such of the children and descendants of the said Harriet, and in such proportions as the said Harriet may, by will, assign them, or by a writing in the nature of a last will, notwithstanding her *coverture,* direct and

appoint, and in default of such appointment, to and among the children and descendants of the said Harriet, according to the statute of descents and distributions of Virginia. But the right is reserved to the court, upon a proper case made, to direct the application of any part of the principal, or the whole, if necessary, to the use and support of the said Harriet R. Cogbill. At the express request of the said Harriet R. Cogbill, the *cestui que trust*, no security was required by the court of said *trustee*, A. S. Boyd, for the faithful performance of his trust; and he, it seems, undertook the trust upon the agreement that he would not charge, or take any compensation or commissions upon the funds passing through his hands.

At the December term, 1876, of the circuit court of Mecklenburg, the suit of *Cogbill and Wife* v. *Walker et als.*, was reinstated on the docket on the motion of the said trustee, and a decree was entered, directing the settlement of his accounts.

At the November term, 1877, the said Harriet R. Cogbill filed her petition in said suit, asking the sanction and confirmation of the court to the investment, by the trustee, of the sum of $987.50 of her funds in the purchase of a home for herself and family; but protesting and objecting against the reinstatement of the cause upon the docket of the court, for the object and purpose of an *ex parte* settlement of the accounts and transactions of the said trustee; and alleging a want of notice of the taking of the account settled and reported to the court by the commissioner; and objecting to every other item and portion of said account, "because it is grossly erroneous, uselessly expensive, and manifestly injurious to the trust fund." And this is supplemented by the written protest of her husband, B. D. Cogbill, against the confirmation of the said report by the court.

On the 23d December, 1874, the said A. S. Boyd, trustee, invested $1,250 of the trust fund in his hands in the purchase of a bond executed by R. C. Pope to W. E. Homes, for $1,250, dated 28th January, 1873, bearing ten per cent. interest, and secured by a deed of trust upon Pope's tract of land of three hundred

and ninety-seven and a-half acres. This note he held for some four or five years without any effort to collect the annual interest accruing thereon, until the 26th of June, 1879, when he filed his petition in the cause, setting forth the fact that the principal and unpaid interest upon said bond amounted to the sum of $1,752.77, and alleging the doubt whether the land embraced in the trust would sell for enough to pay the said debt, and praying for a decree of the court to authorize him to bid for and buy the said land for the said debt, and hold it as an investment of so much of the trust fund.

To this petition the appellant, Harriet R. Cogbill, filed her answer, objecting to and protesting against the granting of the prayer of the petition by the court, alleging the insufficiency of the land to bring, at a fair sale, the amount of the said debt and interest, which the said trustee had, by negligence and failure for years to collect the said interest, or to enforce the deed of trust, suffered to accumulate till the security was worth less, by several hundreds of dollars, than the investment.

The court, at its July term, 1879, did, however, overrule all these exceptions, and the demurrer, and confirm the *ex parte* settlement reported by the commissioner, and did enter a decree empowering the said trustee to bid for and buy the said "Pope tract" of land, for the said debt and interest secured thereon, belonging to his *cestui que trust.* By the same decree the report was recommitted to the commissioner with instructions to take testimony and to reform his report in certain particulars as to him, the said commissioner, should seem proper. The commissioner did make and return his report in pursuance of this order of the court, to which there were various exceptions filed by the *cestui que trust.*

On the 28th day of May, 1880, the circuit court of Mecklenburg entered a final decree, overruling all the exceptions of the said Harriet R. Cogbill to the said last report of the commissioner; and, *inter alia*, deciding and declaring, that the

investments made by A. S. Boyd, trustee for H. R. Cogbill, the
female plaintiff in this cause, of funds in his hands, in the pur-
chase from R. F. Clack of $2,500, a portion of the debt due to
said Clack by Alexander Sydnor; and in the purchase of the
debt of $1,250 due by R. C. Pope to W. E. Homes; and the
subsequent purchase by A. S. Boyd, trustee as aforesaid, of the
tract of land conveyed by the said R. C. Pope to secure the debt
last above mentioned, were judicious and proper; and that the
application of a portion of the principal of the trust fund to the
payment of the debt due the said A. S. Boyd by H. R. Cogbill,
contracted for the support of herself and family, is just and
proper under the circumstances of this case.    And the said A. S.
Boyd having tendered his resignation a trustee, and asked to be
relieved of all further responsibility as such, the court adjudged,
ordered and decreed, that the powers of said Boyd as such trustee
be revoked, and discharged the said Boyd from all further lia-
bility as such trustee.

The foregoing narrative is a statement of the facts disclosed
by the record, essential to the consideration and determination
of this appeal, omitting a great variety of details, not necessary
to be recited or considered by this court.

This is a case of *express trust* founded by a court of equity,
for the sole and separate use and benefit of a *feme covert*, out of
her own property derived to her by devise of a deceased hus-
band, and by descent from a deceased son by the former mar-
riage.    The object of the settlement made by the decree of July
5th, 1867, was not only to secure and protect the settled pro-
perty against the management or control, and the contracts and
liabilities of the husband, B. D. Cogbill, of the married woman
Harriet R. Cogbill, but to protect and secure it against the im-
provident acts and indiscretion of the *cestui que trust* herself;
and, accordingly, the settled property was placed in the hands
of the trustee, A. S. Boyd, to be administered under the super-
vision of the court.    The rights of the *cestui que trust*, and the

powers and duties of the trustee, were express, clearly defined and limited by the decree of settlement. By its positive terms, he was absolutely bound.

The appellant complains, and assigns as error in the court below, that this case of *Cogbill and Wife* v. *Walker et als.* was reinstated upon the docket of the circuit court of Mecklenburg on the motion of A. S. Boyd, trustee of H. R. Cogbill, made on the 7th December, 1876, and an interlocutory decree of the same date entered directing a settlement, before a commissioner of the court, of the general transactions of the said trustee. This objection is, we think, sufficiently answered by the terms of the decree itself of July 5, 1867, which created the trust, and which expressly reserved liberty to the trustee, Boyd, to apply to the court for any future order which might become necessary or proper in relation to the trust. The next complaint is that the trustee, Boyd, the appellee, during a long period of years, ran up annual accounts largely in excess of the annual income of the trust estate, and that these accounts are mainly, if not wholly, for disbursements to himself in payment for his individual mercantile account for goods sold to his *cestui que trust*, and that upon all such sales he realized a clear cash profit of twenty-five per cent. on goods sold. We do not think that the court erred in allowing and sanctioning this. The family of the *cestui que trust* consisted of *eight persons*—viz: Mr. and Mrs. Cogbill, five daughters and one son, all under twenty-one years of age, and a portion of the principal of the trust property was required for the support, and, indeed, it may have been for the sustenance, of this family. Moreover, this very exigency had been contemplated and provided for by the terms of the decree of settlement. The court could as well sanction the application of the principal, in whole or in part, to the support of the *cestui que trust* and her family, after a debt for that purpose had been contracted, as it could, and would have directed it beforehand, upon a proper case made. *Barton* v. *Bowen, &c.*, 27 Gratt. 855.

The appellee, Boyd, was a merchant doing business in Boydton, and he sold his goods to his sister and her family at less than, the record shows, he did to all his general customers, and less than all the other merchants would have charged her for the same goods; and we do not think, that in so doing, he violated the fundamental principle of the law of trusts, that a trustee will not be permitted to make his trust a source of private gain or profit to himself. But this trust was created by the decree of July 5th, 1867, by which a principal fund of very nearly $7,000, with interest upon $6,839.66 thereof from December 1st, 1866, passed into the hands of the trustee, A. S. Boyd, the appellee, for the sole and separate use and benefit of the appellant, Harriet R. Cogbill, his *cestui que trust*; and it is true that this record does not show what his management and disposition of this trust fund was, for all the time from said date of July 5th, 1867, up to the date of the decree of May 28th, 1880, approving his administration and accepting his resignation of the duties of the trust, and relieving him from his responsibilities as trustee, except a statement purporting to be an *ex parte* settlement of his trust accounts, from the year 1874 to the end of the year 1878. And this ground alone is, we think, error, for which the decree complained of should be reversed, and the case sent back to the circuit court of Mecklenburg, with directions to order the settlement of the fiduciary accounts of the appellee, Boyd, the trustee, for the whole period of his administration, *de novo*.

But there were other and graver errors still in the action of the court below, in giving its sanction and confirmation to the large investments made by the trustee, Boyd, of the funds belonging to his *cestui que trust*, upon doubtful, precarious and insufficient security, and in giving him immunity for acts done, and omitted to be done, which inflicted heavy loss upon the trust estate.

It appears by the record that this trustee, Boyd, called in the investments, which he either had or had not made, of large

sums of money of this fund in 1867, and on the 23d December, 1874, without consent or consultation of court, he purchased a bond of one R. C. Pope, to William E. Homes, for $1,250, bearing ten per cent. interest, and secured by a deed of trust on a tract of three hundred and ninety-seven and a-half acres of land, worth at the time, not more, if indeed so much, as the sum loaned upon it, and which the evidence in the record shows was worth, in October, 1879, not more than $500, or $550, when he became the actual purchaser of the tract for the price of $1,411.12, of the moneys belonging to his trust.  The *obligor* (Pope) in this bond was an *insolvent* at the time that Boyd, the trustee, took an assignment of it from Homes, a *solvent obligee* in the bond, who refused positively (not merely omitted) to assign with recourse; and the said land was the only security. And this trustee, Boyd, allowed the interest to accumulate on this assigned bond, without recourse, and on the security of this land, declining every day in value, until the debt amounted to $1,750—more than three times the value of the security— and then he applied to the circuit court of Mecklenburg for permission to become the purchaser of this land for and " on account of the trust estate."  And, strange to say, the circuit court of Mecklenburg, in opposition to the wish and protest of the *cestui que trust*,—the appellant—granted him the permission.  And at a sale made of this tract of land, 18th October, 1879, at which there were only eight or ten persons present, *and no one bidding except this trustee, and this same William E. Homes,* who had assigned the bond, this trustee became the purchaser of the land for the sum of $1,411.12, for and on account of the trust estate, thus throwing a loss of over $1,200, by this single transaction, upon the *cestui que trust,* a married woman, wholly dependent upon the protection of a court of equity.

And then, as if this were not enough, this trustee put an *insolvent tenant* in possession of this land, who paid not enough in any one year, of rent, to pay one half year's interest on the

investment; kept him in possession for a period of years, in defiance of the protest and wish of his *cestui que trust;* took from him bonds to the amount of $250, which he, the trustee himself, declared were not worth the paper upon which they were written; and then charged the trust estate with the loss, and the costs of attorney's fees for obtaining judgment against this known insolvent.

But there is another remarkable and questionable investment, made by this trustee, of the fund of his trust, which is sanctioned by the decree of the circuit court of Mecklenburg.

A. S. Boyd, this trustee, on the 18th May, 1875, purchased for $2,500, and took an assignment to that extent, so much of a bond debt of one Alexander Sydnor of $3,902.10 to R. F. Clack (who appears to have been the clerk of the court), as of the date May 19th, 1871, secured by a deed of trust upon Sydnor's "Eagle Mill" tract, and his half interest in the "Griffin Mill" tract, which deed of trust was *unrecorded at the time.* He took no other security; and he contracted not for priority of satisfaction over Clack's remaining interest in the debt, but for a mere right of substitution to the extent of $2,500, in the debt and security. He did not even contract for the personal liability of Clack *as assignor.* He omitted, for the time between this assignment on the 18th day of May, 1875, and the 10th day of June, 1875, to have this deed of trust, his only security for this large sum of his trust fund, *recorded;* in which interval of delay to record the deed of trust, another creditor of Sydnor, to wit, the Bank of Mecklenburg (in which both the said *Boyd* and *Clack were directors*), gained a priority of right to satisfaction of its debt out of the property embraced in the deed of trust. This trustee, in a declining state of real estate values, invested $2,500 on perishable *mill*-property, already heavily incumbered; contracted for no priority of satisfaction over his assignor's retained interest in the debt and security; and then culpably neglected, for near a month, to have the deed of trust which was his only security, recorded: the result of the transaction

being, to make the estate of his *cestui que trust* pay Sydnor's debt to Clack, and sustain a loss of over $1,000.

Trustees authorized to invest on mortgage *must personally see to it* that the security is forthcoming *upon parting with the money.* Perry on Trusts, section 463; Lewin on Trusts, p. 351, top 319, p. 471–2–3 margin, top p. 402–3, top p. 612, 614–15; Perry on Trusts, sections 457–8–9, 463–4–5–6–7–8–9 (471). A loss incurred to the trust estate through the negligence of the trustee must be borne by him. Perry on Trusts, section 914; 2 Lomax on Ex'ors, p. 482–3–4; 2 Story's Eq. Jur., section 1274; *Miller* v. *Holcombe's Executors, &c.,* 9 Gratt. 665; *Southall* v. *Taylor,* 14 Gratt. 269.

This case under review is the direct converse of that stated by Hardwicke in *Knight* v. *Lord Plymouth;* by Chancellor Kent in *Thompson* v. *Brown;* by Judge Lee in *Elliott* v. *Carter;* by Judge Christian in *Davis* v. *Harman;* by Judge Burks in *Douglass* v. *Stephenson's Executor.*

We think that the trustee, Boyd, did not act with the same discretion and judgment in making the investments of the moneys of his trust fund that a man of ordinary prudence is accustomed to bestow upon his own private affairs, but did act, both by commission and negligence, with the estate of his *cestui que trust,* so as to inflict loss upon the trust fund, which loss the trustee, Boyd, must personally bear; and he should be charged with the costs, fees and expenses incurred by both of these improvident and injurious investments made by him as aforesaid.

It is no excuse for this trustee, that he acted under the advice of the *husband* of the *cestui que trust; he* was not the trustee, and one of the expressed objects of the settlement was to protect and preserve the property from *his* control, management, or liability. The advice of *counsel* will not protect a trustee in the doing or omission of acts not warranted by, or in violation of his trust. Lomax on Ex'ors and Adm'rs, pages 482–3, 488–9— top page; 2d Spence's Equity, pages 918, 919—top page.

We do not think that it was error to allow the payment out

of the trust fund of the private store account of the said Boyd, trustee, for the year 1879, to the amount of $820.49, because it was contracted by and for the *cestui que trust;* and the decree of settlement expressly provided that, if necessary, the court might and would apply even the whole of the estate to the maintenance of the beneficiaries in the trust. Nor did the court err by giving its sanction and confirmation to the investment by the trustee, Boyd, of the sum of $987.50 of the trust fund in the purchase of a house for the *cestui que trust* and her family, upon her own petition filed at the November term, 1877.

The decree of the circuit court of Mecklenburg appealed from must be annulled and reversed, and this case is remanded to the said court with directions to settle the fiduciary accounts of the trustee, Boyd, *de novo,* and in accordance with the views herein expressed.

The decree is as follows:

The court is of opinion, for reasons stated in writing, and filed with the record, that there was no error in decreeing out of the trust fund the payment to the said Boyd, trustee, of the sum of $820.49, being balance due him up to the first of January, 1879, by the appellant on store account; the court being of opinion that the said store account was made in furnishing necessary supplies for the said appellant and her family. And the said circuit court of Mecklenburg did not err in confirming the investment by the said trustee, of the sum of $987.50 of the trust funds in the purchase of a home for the appellant and her family.

But the court is of opinion that the said circuit court erred in declaring that the investments made by the trustee, A. S. Boyd, were judicious and proper investments of the trust funds in his hands, in the purchase by him, as such trustee, from R. F. Clack, of a portion of the debt due to the said Clack by Alexander Sydnor to the amount of $2,500, and in the invest-

ment of said trust funds by the said trustee in the purchase of the debt due by R. C. Pope to William E. Homes, of $1,250, and the subsequent purchase by said trustee of the tract of land conveyed by said Pope to secure said last mentioned debt. This court being of opinion that said investments were injudicious and improper, and that the loss occasioned thereby must be borne by the said trustee, A. S. Boyd, out of his own estate, and that the said A. S. Boyd must likewise be charged with, out of his own estate, the counsel and commissioners' fees paid by him as trustee for and on account of these said investments. And the court is further of opinion, that the loss occasioned to the trust fund by reason of the dealing with the tenant, Hendricks, must be charged to and borne by the said Boyd. It is, therefore, decreed and ordered, that the said decree, so far as the same is declared erroneous as aforesaid, be reversed and annulled, and that the appellee, A. S. Boyd, do pay to the appellant her costs by her expended in the prosecution of her said appeal and *supersedeas* here. And this cause is remanded to the said circuit court of Mecklenburg county, with directions to have the said trustee accounts resettled, in accordance with the principles herein before declared.

DECREE REVERSED.