IN THE

# SUPREME COURT OF APPEALS

OF

# VIRGINIA.

## Richmond.

### COGBILL v. BOYD, TRUSTEE.

#### January 24, 1884.

1. PRACTICE IN CHANCERY—*Masters.*—It is well established practice for the court to instruct the master as to the principles upon which accounts should be restated.

2. IDEM—*Restatement of accounts at bar.*—Where this court fixes trustee's liability for an ascertained amount, but remands the case without fixing the rate of interest, it is competent for the court below to fix the rate of interest and restate the accounts at bar, or by the aid of a master commissioner.

3. TRUSTEES—*Liability—Rate of interest.*—Where trustee invests trust funds at ten per cent., but *c. q. t.* repudiates the investment, and the same is held to have been improper, and the trustee is held bound for the amount invested, six per cent. is the rate of interest with which he is properly chargeable.

Appeal of Harriet R. Cogbill, a married woman having a separate estate held in trust for her, from a decree entered 28th May, 1883, by the circuit court of Mecklenburg county, in the chancery cause then therein pending in the style of *Cogbill* v. *Boyd, Trustee, & als.* This is the sequel to *Cogbill* v. *Boyd,*

*Trustee, & als.*, 77 Va. 450.    There this court held Boyd, trustee, individually liable for losses resulting from his injudicious investment of the trust funds in a bond of R. C. Pope for $1,250, bearing ten per cent. interest from 28th January, 1873, payable to W. E. Homes, and in a bond of Alexander Sydnor for $2,500, with like interest from 19th May, 1871, payable to R. F. Clack, and assigned to Boyd as trustee, by Homes and Clack respectively.    This court did not fix the rate of interest which should be paid by Boyd, trustee, on the amounts for which he was held liable, but remanded the cause to the circuit court with direction to restate the trustee's accounts in accordance with the decree. The circuit court referred the accounts to a master commissioner, with direction that he restate them and charge to the trustee the said amounts with six per cent. per annum interest thereon.    From this decree the *cestui que trust*, Harriet R. Cogbill, obtained an appeal to this court.

*Joseph Christian, Homes & Faulkner*, for the appellant.

*A. S. Lee*, for the appellee.

LEWIS, P., delivered the opinion of the court.

On the former appeal in this case it was held that the investments made by the appellee, as trustee, in the purchase of a portion of the Sydnor debt, to the amount of twenty-five hundred dollars, and in the purchase of the Pope debt, amounting to the sum of twelve hundred and fifty dollars, were injudicious and improper, and that the loss occasioned thereby must be borne by the trustee out of his own estate, including the sums expended by him for counsel and commissioners' fees on account of the said investments.    77 Va. 450.

After the case went back to the circuit court, it was referred to a commissioner to resettle the trustee's accounts, and in the decree of reference, the commissioner was instructed to charge

the trustee with the sum of $2,500, the amount invested in the Sydnor debt, with interest thereon at the rate of six *per centum per annum*, and with the sum of $1,250, the amount invested in the Pope debt, with interest at the same rate.

These two debts were evidenced by the bonds of the respective obligors, and bore interest at the rate of ten per cent. per annum; and the appellant insists that interest at the latter rate should be charged against the trustee.

The circumstances attending the investments in question were elaborately reviewed by Judge Fauntleroy in delivering the opinion of the court on the former appeal; and while the court held that the investments were improper, and that the trustee must be held accountable out of his own estate for the sums invested, the exact measure of his accountability was not fixed by the decree, but was left to be determined in the court below. The appellant insists that the decree of the circuit court, instructing its commissioner to charge the trustee with interest at the rate of six per cent. only, was arbitrary, and in other respects erroneous.

In referring the case to a commissioner for a resettlement of the accounts, it was competent for the court, and was in accordance with the established practice, to instruct the commissioner as to the principles upon which the accounts should be made up. 2 Barton's Chancery Practice, 634. All the facts in relation to the transactions in question were already in the record, and neither party was asking or desiring to take further testimony. Indeed, under the terms of the decree of this court, there was in fact no necessity for a reference to a commissioner at all. The restatement of the accounts might as well have been made at the bar of the court as by a commissioner in his office with the parties before him. The only question for consideration by the commissioner or by the court was as to the rate of interest with which the trustee ought to be charged, and that question the court was as competent to determine before as after the return of the commissioner's report. The rate of

interest to be charged was fixed at six per cent., and we think correctly. The fact that the evidences of debt in which the trust funds were invested were bearing ten per cent. interest when the investments were made could not affect the question to be determined. Those investments were repudiated by the *cestui que trust*, and this court condemned them, not because of the *laches* or negligence on the part of the trustee in the management of the trust after they were made, but chiefly because they were, as the result proved, injudicious and improper, and not such as a prudent man in the management of his own affairs would have made. The debts were inadequately secured, and by no possibility could the sums invested in their purchase have been realized by the trustee. For this reason he was held to account out of his own estate for the sums so improvidently invested. The case then stood, so far at least as the *cestui que trust* was concerned, as if the investments had never been made, and if in fact they had never been made, and the fund had remained uninvested in the trustee's hands, the measure of his liability would have been the principal sum so remaining uninvested with legal interest thereon, which was then as now six per cent. Nor is it material that the money invested was received by the trustee in discharge of a debt due the trust estate, and which at the time was bearing interest at the rate of eight per cent. By previous agreement between the parties the privilege was accorded the debtor to discharge the debt in payments of from $1,000 to $2,000, whenever he could pay as much, and the payment by him in this case was in pursuance of that agreement. There is nothing in the record to show that at the time the investments were made the trustee could have safely invested the fund to better advantage than by loaning it out at six per cent. interest, and at that rate he is properly chargeable.

The decree is affirmed.

DECREE AFFIRMED.